## HENLEY-WAITE MUSIC COMPANY, Respondent, v. CHARLES E. GRANNIS, Appellant.

### Kansas City Court of Appeals, June 2, 1913.

1. **CONTRACTS: Sales: Upon Approval.** Where a piano was delivered on the express understanding and agreement that it would turn out to be *satisfactory* to the purchaser and the latter notified the seller within a reasonable time after its delivery that it was not satisfactory, there was no sale.

2. ———: ———: **Status Quo.** And where the contract of sale imposed no obligation on the purchaser to return the piano, it was the duty of the seller to restore the *status quo* existing at the time the contract was made.

3. **MISCONDUCT OF COUNSEL: Prejudicial Remarks.** Remarks of counsel alleged to be prejudicial addressed to issues improperly submitted at the request of the opposing party, could not have been prejudicial and afford no ground for setting aside a verdict.

Appeal from Jackson Circuit Court.—*Hon. Porter B. Godard,* Special Judge.

REVERSED AND REMANDED (*with directions*).

*Haff, Meservey, German & Michaels* and *Charles M. Blackmar* for appellant.

(1) Plaintiff's own case showed that plaintiff agreed or guaranteed that the instrument should be

entirely satisfactory to defendant, and that within a few days defendant notified plaintiff that it was not satisfactory; defendant testified to the same thing. Therefore the court should at the close of plaintiff's evidence, or, at all events, at the close of the case, have directed a verdict for defendant on plaintiff's petition. Prevention Co. v. St. Louis, 205 Mo. 239; 35 Cyc. 289; Mechem on Sales, (1901 Ed. Secs. 663, 664, 665, 666, 670; Blaine v. Knapp & Co., 140 Mo. 251, and cases cited; Esterly v. Campbell, 44 Mo. App. 621; Walker v. Automobile Co., 124 Mo. App. 628; McClure v. Briggs, 68 Vermont 82, 57 Am. Rep. 715; Printing Press Co. v. Thorp, 36 Fed. 414, 1 L. R. A. 645; McCormick v. Finch, 100 Mo. App. 646. (2) Defendant's first counterclaim was also established by plaintiff's witnesses, and the trial court should likewise have directed the identical verdict on this counterclaim that was returned by the jury. (3) Defendant's counsel were not guilty of misconduct. McCoe v. Railroad, 53 N. E. (Mass.) 133; Handlan v. Miller, 143 Mo. App. 113; George v. Railroad, 57 Mo. App. (K. C.) 365; Peck v. Traction Co., 131 Mo. App. 143; Storage & Moving Co. v. Harding, 126 Mo. App. 494; Rice v. Sally, 176 Mo. 148; Cullar v. Railroad, 84 Mo. App. 346; Schlavick v. Shoe Co., 157 Mo. App. 91; Hensler v. Gordon, 152 Mo. App. 500-502; Phillips v. Chase, 87 N. E. (Mass.) 758.

No counsel for respondent.

JOHNSON, J.—Plaintiff sued to recover $550 on the purchase price of an "Appollo" player piano which the petition alleges was sold and delivered by plaintiff to defendant at the price of $950. A credit of $400 was allowed on account of an old piano and pianola which plaintiff states it agreed to take from defendant in part payment. The sale is denied in the answer and in a counterclaim defendant seeks to

recover damages for the alleged conversion by plaintiff of the old piano and piano player. A trial of the issues resulted in a verdict for defendant on the cause pleaded in the petition and on the counterclaim in the sum of $160. Afterward the court sustained plaintiff's motion for a new trial on the ground of improper and prejudicial remarks of counsel for defendant both in the opening statement and in the final argument to the jury. Defendant appealed from the order and judgment granting a new trial.

Before the submission of the cause in this court, counsel for plaintiff formally withdrew from the case and no statement and brief have been filed on behalf of plaintiff.

Our examination of the record has lead us to the conclusion that the court erred in granting a new trial. Plaintiff, a dealer in musical instruments in Kansas City, endeavored to sell an "Appollo" player piano to defendant at the price of $950, and offered to allow defendant $400 for his old piano and pianola. Defendant agreed to buy on the terms proposed on condition that after a test of the new instrument it would prove satisfactory to him. Plaintiff delivered the instrument to defendant's home on those terms and took away the old instruments. Defendant, with in a reasonable time, notified that the new piano was not satisfactory and demanded that plaintiff take it away and return the old instruments but plaintiff refused to comply with the demand and brought this suit. The salesman of plaintiff who conducted the negotiations testified on direct examination that the sale was unconditional and not on approval, but on cross-examination admitted that he agreed and represented that the piano should prove satisfactory to defendant. All of the evidence shows an agreement for a sale on approval within a reasonable time and a disapproval within that time.

A sale on approval "is in the nature of an option to purchase the goods if they prove to be satisfactory," (35 Cyc. 289) and if the goods prove to be unsatisfactory to the purchaser and he gives notice of that fact to the seller within the time stated in the agreement, or if none be stated, within a reasonable time, there is no sale and the purchaser is under no duty to return or offer to return the property unless it be so agreed. [Esterly v. Campbell, 44 Mo. App. l. c. 625.] The law recognizes the right of vendor and vendee to make their own contracts and where the vendor agrees that the sale shall be conditioned on the goods being tested and approved by the vendee, it suffices to defeat the sale that the vendee, for any reason, or no good reason, rejects the goods as unsatisfactory. The contract being that he shall be satisfied "it is not enough that he ought to be satisfied, or that the article would be satisfactory to a reasonable man, or that the court or jury deem the article satisfactory." [1 Mechem on Sales, sec 665.]

To hold otherwise would be to substitute a court made contract for the one the parties made for themselves. Since the new piano was delivered on the express understanding and agreement that it would turn out to be satisfactory to defendant, and since within a reasonable time after its delivery defendant notified plaintiff that it was not satisfactory, there was no sale, and as the contract imposed no obligation on defendant to return the piano, it was the duty of plaintiff to restore the *status quo* existing at the time of the contract. In refusing to discharge this duty plaintiff was guilty of a conversion of defendant's old piano. There was no issue of fact to submit to the jury except the amount of the damages defendant should have assessed on his counterclaim and as the alleged prejudicial remarks of counsel for defendant were addressed to other issues of fact improperly

submitted at the request of plaintiff, the alleged error predicated of them could not have been prejudicial and afforded no good ground for setting aside the verdict.

The judgment is reversed and the cause remanded with directions to enter judgment on the verdict. All concur.